65 F.3d 174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raul Jose FUENTES, Petitioner-Appellant,
v.
James GOMEZ, Director, Respondent-Appellee.
 No. 94-17058.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 23, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California prisoner, Raul Jose Fuentes, appeals pro se the denial of his habeas corpus petition brought under 28 U.S.C. Sec. 2254 challenging his 1976 conviction for murder. Fuentes contends that: 1) trial counsel was ineffective for failing to tender a compelling diminished capacity defense; 2) appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness or present new evidence of Fuentes's diminished capacity; 3) the trial court failed to determine whether Fuentes was competent to stand trial; and 4) the prosecutor engaged in misconduct by supplying an expert witness with false information and by allowing an expert witness to impeach himself. We review de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), and affirm.
 
 
 3
 To obtain relief for a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88, 692 (1984). Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; see Williams v. Calderon, 52 F.3d 1465, 1470 (9th Cir.1995) (where claim is that counsel failed to investigate diminished capacity defense, petitioner must show that psychiatric expert's testimony, in light of other evidence, would have made a difference). The prejudice analysis focuses on whether the result of the proceeding was fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993).
 
 
 4
 Fuentes claims that his counsel should have insisted during trial that Fuentes obtain further psychiatric testing in order to present the defense of diminished capacity more effectively. Fuentes presented in the district court a 1987 psychiatric evaluation, which states that "[t]here is a strong possibility ... [that] at the time of the offense he either experienced a drug-induced fugue state and/or postictal seizure episode, most likely both occurred." Fuentes also contends that his appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness or otherwise raise the issue of the 1987 evaluation with the state courts.
 
 
 5
 Fuentes fails to show any prejudice. See Strickland, 466 U.S. at 694. Counsel presented at trial the expert testimony of a psychiatrist, who opined that Fuentes could not form the requisite mental state due to previous head injuries and the consumption of a large amount of alcohol. Although the 1987 evaluation tends to show a mental impairment at the time of the crimes, the evaluation does not conclude that Fuentes suffered from diminished capacity at the time of the crime. The conclusion of the trial psychiatrist provided stronger evidence of diminished capacity, and therefore the 1987 evaluation would not have added significantly to the defense. The other evidence at Fuentes's trial, including his statements to the police and psychiatrists, indicate that Fuentes's intentions and lucidity were not impaired at the time of the crime. Fuentes's claims of ineffective assistance of counsel therefore fail. See Williams, 52 F.3d 1465, 1470; see also Lockhart, 113 S.Ct. at 844.
 
 
 6
 Fuentes claimed in the district court that the prosecutor committed misconduct by allowing an unqualified doctor to testify. Because he did not claim that the prosecutor knowingly presented false testimony or that the testimony affected the judgment of the jury, Fuentes is not entitled to habeas relief. See United States v. Bagley, 473 U.S. 667, 678-79 (1985) (conviction must be set aside if prosecutor knowingly presents false testimony and reasonable probability exists that testimony could have affected judgment of jury); accord United States v. Endicott, 869 F.2d 452, 455 (9th Cir.1989).
 
 
 7
 Fuentes did not present in his habeas corpus petition the claims that the trial court failed to ascertain his competence or his other claims that the prosecutor presented false or misleading testimony. These claims are waived on appeal. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507, 508 (9th Cir.1994), cert. denied, 115 S.Ct. 1378 (1995).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral agrument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3